IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DEMETRIUS S.GOLSTON     PLAINTIFF
*on behalf of*
R.D.G., A MINOR

vs.     Civil No. 4:15-cv-04009

CAROLYN COLVIN     DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Demetrius Golston ("Plaintiff") brings this action on behalf of R.D.G., a minor, pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying R.D.G.'s application for Supplemental Security Income ("SSI") under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court recommends this case be **REVERSED and REMANDED.**

**1.**     **Background:**

Plaintiff protectively filed an SSI application on behalf of R.D.G. on March 15, 2012. (Tr. 14). Plaintiff alleged R.D.G. was disabled due to attention deficit hyperactivity disorder (ADHD), emotional disorder, bi-polar, and hearing problems. (Tr. 161). Plaintiff alleged R.D.G.'s onset date was March 1, 2008. *Id.* This application was denied initially and again upon reconsideration. (Tr. 14). Thereafter, Plaintiff requested an administrative hearing on R.D.G.'s application, and this

hearing request was granted. (Tr. 73). An administrative hearing was held on August 13, 2013. (Tr. 31-54). Plaintiff was present and represented by counsel, Sheila Campbell at this hearing. *Id.* Only Plaintiff testified at this hearing. *Id.*

On September 10, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI on behalf of R.D.G. (Tr. 14-25). In this decision, the ALJ determined R.D.G. was born February 14, 1999, was an adolescent on the date the application was filed, and was an adolescent as of the ALJ's decision date. (Tr. 17, Finding 1). The ALJ also determined R.D.G. was a child and had not engaged in Substantial Gainful Activity ("SGA") since the application date. (Tr. 17, Finding 2).

The ALJ determined R.D.G. had the following severe impairments: obesity and schizoaffective disorder. (Tr. 17, Finding 3). The ALJ also determined, however, that none of R.D.G.'s impairments met, medically equaled, or were functionally equivalent to the Listing of Impairments in Appendix 1, Subpart P, Regulations No. 4 ("Listings"). (Tr. 18-19, Finding 4).

In assessing whether R.D.G.'s impairments were functionally equivalent to a Listing, the ALJ assessed six domains of functioning. (Tr. 19-25, Finding 5). Specifically, the ALJ determined R.D.G. had the following limitations in six domains of functioning: (1) less than a marked limitation in acquiring and using information; (2) less than a marked limitation in attending and completing tasks; (3) a marked limitation interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) less than a marked limitation in caring for himself; and (6) less than a marked limitation in health and physical well-being. *Id.* Based upon this finding, the ALJ found R.D.G. had not been disabled, as defined by the Act, since the application date of March 15, 2012. (Tr. 25, Finding 6).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 7-8). On November 14, 2014, the Appeals Council declined to review this unfavorable decision. (Tr. 1-6). On January 16, 2015, Plaintiff filed the present appeal. ECF No. 1. Both parties have filed appeal briefs. ECF Nos. 7, 8. Accordingly, this case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)), which provided a more stringent standard for determining eligibility for Title XVI childhood

3

disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409.

Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed her application in 2012, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924. First, the ALJ must determine whether the minor child has engaged in substantial gainful activity. If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment. If a severe impairment is found, the ALJ will proceed to the third step. At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments ("Listings"), *See* 20 C.F.R. pt. 404, subpt. P, app. 1. A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the standard requirements for a disability listing. *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005) (unpublished). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e). An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

**3.      Discussion:**

In this matter, Plaintiff, claims the ALJ erred by (1) by not finding R.D.G. met Listing 112.03, (2) by finding R.D.G. had less than marked limitation in the domain of attending and completing tasks, (3) by not properly addressing R.D.G's GAF scores, and (4) by drawing conclusions with very little evidence. ECF No. 9, Pages 4-10.

This Court has considered all arguments raised in the parties' appeal briefs and has considered the transcript in R.D.G.'s case. ECF Nos. 7, 8. Based upon this review, this Court finds

the ALJ's hearing decision is not supported by substantial evidence and should be reversed and remanded because the ALJ failed to properly evaluate R.D.G.'s GAF scores.

In social security cases, it is important for an ALJ to evaluate a claimant's Global Assessment of Functioning ("GAF") score in determining whether that claimant is disabled due to a mental impairment. GAF scores range from 0 to 100. Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000). The Eighth Circuit has repeatedly held that GAF scores (especially those at or below 40) must be carefully evaluated when determining a claimant's RFC. *See, e.g., Conklin v. Astrue,* 360 F. App'x. 704, 707 (8th Cir. 2010) (reversing and remanding an ALJ's disability determination in part because the ALJ failed to consider the claimant's GAF scores of 35 and 40); *Pates-Fires,* 564 F.3d 935, 944-45 (8th Cir. 2009) (holding that the ALJ's RFC finding was not supported by substantial evidence in the record as a whole, in part due to the ALJ's failure to discuss or consider numerous GAF scores below 50). Indeed, a GAF score at or below 40 should be carefully considered because such a low score reflects "a major impairment in several areas such as work, family relations, judgment, or mood." *Conklin,* 360 F. App'x at 707 n.2 (*quoting* Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000)).

In the present action, R.D.G. was assessed as having several GAF scores ranging between 35 to 65. (Tr. 260, 267, 294, 296, 321, 335, 341, 345, 352-353, 355, 358, 361, 367, 370, 376, 398, 405). In the decision, the ALJ only mentioned R.D.G's score at admission of 35 and discharge at 65 from his treatment at the adolescent scute care treatment unit. (Tr. 18). The ALJ failed to discuss any of the other GAF scores. It was the ALJ's responsibility to evaluate those scores and make a finding regarding their reliability as a part of the underlying administrative proceeding. *See Conklin,* 360 F. App'x at 707.

It is especially important that the ALJ address low GAF scores where, as in this case, R.D.G. has been diagnosed with a mood disorder and schizoaffective disorder. (Tr. 259, 321, 335, 351, 405). When considering these facts, and because the ALJ did not evaluate R.D.G.'s low GAF scores, this case must be reversed and remanded for further evaluation of these scores.[1]

**4.**     **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff on behalf of R.D.G. is not supported by substantial evidence and recommends that it be **REVERSED AND REMANDED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

        **ENTERED this 15th day of January 2016.**

                              /s/   Barry A. Bryant
                              HON. BARRY A. BRYANT
                              U.S. MAGISTRATE JUDGE

---

[1] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.